**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DAVID RUSSELL POSEY,**
    **Plaintiff,**

vs.                                        Case No. 3:04cv344/MCR/MD

**STATE FARM INSURANCE, et al.,**
    **Defendants.**

___

### REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Plaintiff, a prisoner proceeding *pro se*, commenced this action on October 4, 2004 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, the filing fee, and a motion for appointment of counsel. (Docs. 1-3, respectively). Because the complaint was not on the court form, plaintiff was required to file an amended complaint. (Doc. 4).[1]

Plaintiff filed his amended complaint on December 13, 2004; however, it was deficient in several significant respects, notably: (1) plaintiff named as defendants two private parties, (2) plaintiff's claims appeared to be barred by the statute of limitations, (3) plaintiff's claims appeared to be barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and (4) the complaint lacked the necessary level of factual detail. (Doc. 7). Therefore, the court ordered further amendment. (Doc. 8).

Plaintiff did not file a second amended complaint and, when directed to show cause why his case should not be dismissed, indicated that he has mental health problems that render him "unable to understand this complex process," and that he

___

[1] Plaintiff's motion for appointment of counsel was denied without prejudice. (Doc. 4).

needs the assistance of an attorney. (Doc. 10).  In an order dated February 28, 2005, (doc. 11), the court noted that it had previously considered plaintiff's assertions of mental health problems and the need for counsel on two separate occasions.[2]  For the reasons set forth in the court's prior orders denying the appointment of counsel, the court reaffirmed that the appointment of counsel was not justified.  The court further found that the explanation provided in plaintiff's response to the show cause order did not constitute cause sufficient to justify his failure to comply with the court's order requiring amendment.  In so finding, the court observed that despite plaintiff's contention that his mental health problems prohibited him from understanding the legal process and filing the necessary pleadings in this action, he continued to aggressively pursue post-conviction relief in his state criminal case without the assistance of counsel. (*See* www.dc.state.fl.us; www.clerk.co.bay.fl.us, case number 9801094).  Consequently, the court provided plaintiff an additional thirty days in which to file either an amended complaint or a notice of voluntary dismissal.  Plaintiff was warned that failure to comply with the order as instructed would result in a recommendation, without further notice to him, that this case be dismissed without prejudice for failure to prosecute and failure to copy with an order of the court.  To date, plaintiff has not responded to the court's February 28, 2005 order.

Accordingly, it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED without prejudice for plaintiff's failure to prosecute and failure to comply with an order of the court.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 12th day of April, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[2] In the four months the action had been pending, the court had twice denied plaintiff's requests for counsel.  (*See* Docs. 4 & 6).

*Case No: 3:04cv344/MCR/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**